IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| R. BRIAN JONES, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 1:08CV29-WC |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| DEFENDANT. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and gives notice of removal of the above-styled action from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for the removal of this action, Defendant avers the following:

1. Upon information and belief Plaintiff R. Brian Jones was and is a citizen of the State of Alabama residing in Houston County, Alabama.

2. Defendant State Farm Mutual Automobile Insurance Company is a corporation organized and existing under the laws of the State of Illinois, with its

principal place of business in the State of Illinois. Defendant State Farm is a citizen of the State of Illinois.

3. Defendant State Farm was served on or about December 14, 2007 by Complaint. A copy of the Complaint is attached hereto as Exhibit "A."

4. Other than the Complaint mentioned above, no other proceedings have taken place in state court as to the subject matter of Exhibit "A."

5. This action is subject to removal on the basis of diversity of citizenship in that Plaintiff was and is a resident and citizen of the State of Alabama and Defendant State Farm Mutual Automobile Insurance Company is a corporation with its principal place of business in the State of Illinois.

6. Defendant State Farm maintains that removal of the action initiated by Plaintiff is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

7. In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy has been met. In the prayer for relief of Count I of the Complaint, Plaintiff demands judgment against Defendant State Farm for

compensatory damages, plus interest and costs. While an amount is not stated in the ad damnum clause, the Complaint states that the Plaintiff has $60,000 in underinsured motorist coverage and prior to filing the Complaint counsel for Plaintiff demanded $60,000 from State Farm. In Count II of the Complaint, Plaintiff asserts that Defendant State Farm denied the UIM claim in bad faith by failing to pay to Plaintiff more than $7,500. (See Complaint Count II). Further, the prayer for relief in Count II of the Complaint seeks compensatory and punitive damages plus interest and costs. (See Plaintiff's Complaint). Based on the plain language of the Complaint, the aggregate amount of compensatory damages specifically sought in Counts I and II plus punitive damages, interest and costs exceeds the jurisdictional amount for removal. State Farm contends that the amount in controversy at this time exceeds $75,000 considering Plaintiff's claim for compensatory damages of $60,000 together with a claim for punitive damages. Unless Plaintiff limits the claim for punitive damages to $14,999 or less, the amount in controversy exceeds $75,000.

8. When the Court must determine whether the amount in controversy has been met for jurisdictional purposes, "the court must consider a claim for punitive damages 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Lowe's OK'd Used Cars, Inc. v. Acceptance, Ins. Co.,* 995 F.Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Holley Equipment Co. v. Credit Alliance Corp.,* 821 F.2d 1531 (11th Cir. 1987). Again, State Farm in no way concedes the fact that any wrong was

committed, or that punitive damages are even appropriate in this case, (and, in fact, State Farm denies same.) However, a punitive damage award combined with the <u>specific</u> compensatory damage relief sought by Plaintiff exceeds the jurisdictional amount.

9. This petition is filed with this Court within 30 days of service of process on this Defendant.

10. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and since Defendant State Farm is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

11. Notice of the Defendant's removal of the above-styled action has been given to the Clerk of the Circuit Court of Houston County, Alabama, and to Plaintiff, as required by 28 U.S.C. § 1446(d). See Exhibit "B" attached hereto.

WHEREFORE, Defendant has removed this action from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division.

**DONE** this the 11th day of January, 2008.

_____
**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendant State Farm Mutual Automobile Insurance Company

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
   PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

R. Cliff Mendheim, Esq.
PRIM, FREEMAN & MENDHEIM
P. O. Box 2147
Dothan, AL 36302

on this the 11th day of January, 2008.

                                               OF COUNSEL

ELECTRONICALLY FILED
12/11/2007 8:56 AM
CV-2007-900178.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

IN THE CIRCUIT COURT OF HOUSTON COUNTY

R. BRIAN JONES, )
)
    *Plaintiff,* ) CASE NO. CV-2007- 900178 A
)
v. )
)
STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, )
)
    *Defendant.* )

## COMPLAINT

**COMES NOW**, the Plaintiff in the above styled cause by and through counsel and offers the following in support of his Complaint for damages:

### JURISDICTION

Plaintiff, R. Brian Jones, who brings this lawsuit, is currently a resident of Houston County Alabama. The Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), is an insurance company doing business in the State of Alabama, via actively selling, soliciting, and providing insurance coverage for automobile, property, and casualty loss.

### FACTS

Plaintiff, R. Brian Jones, was a passenger in the automobile of Joe Derek Miller on or about August 5, 2006 in Houston County, Alabama, when it was struck by another automobile that illegally pulled into the right of way causing a collision that seriously injured Plaintiff. At the time of this serious automobile accident, Plaintiff, R. Brian Jones, owned a policy of insurance, insuring three different automobiles by and through the Defendant named herein. Those insurance policies provided under insured motorist coverage up to the policy limits of $20,000.00 for each person. Plaintiff would contend that due to the insurance of multiple vehicles, he is entitled to stack said coverage for a total of $60,000.00 in contractual coverage from Defendant.


EXHIBIT A

As result of the accident occurring on August 5, 2006, Plaintiff, R. Brian Jones, was caused to suffer serious physical injuries that resulted in hospitalization, past and future medical costs and surgeries, a herniated disc between the C-5, C-6 vertebrae and the C-6, C-7 vertebrae, mental anguish and lost wages. The at fault party in this matter was insured with policy limits of $25,000.00 with Alfa Insurance that has been paid to Plaintiff with the consent of Defendant.

## COUNT I

Plaintiff, R. Brian Jones, contends that he is entitled to the benefits of under insured motorist coverage due to the fact that he has not been made whole after exhausting the coverage held by the at fault driver in this matter. As a result of this accident, Plaintiff, R. Brian Jones, duly notified his insurance company and made proper claim to the Defendant for the under insured motorist policy benefits that are due to him. The Defendant has failed and refused to pay the contractual claims involved herein to resolve this claim. The sum of his medical bills alone now exceed $6,000.00, and his treating physician expects him to require future back surgery that will exceed $50,500.00. Although the Plaintiff only received policy limits in the amount of $25,000.00 from the at-fault insurance carrier, the Defendant has only offered the Plaintiff $7,500.00 of his under insured motorist coverage, which would not even cover his actual medical damages, much less compensate him for his pain, suffering, herniated disc and lost wages.

**WHEREFORE**, Plaintiff contends he is entitled to all compensatory damages, including all medical bills past and future, lost wages, pharmaceutical bills, pain and suffering, and mental anguish to which he would be entitled, as well as any other such reasonable sums as this court may award the Plaintiff for the Defendant's breach of contract.

## COUNT II

Plaintiff adopts and realleges all facts as stated above and would further contend that

at the time of the original negotiations in this case, an adjuster in this matter did willfully fail to properly investigate and refused to make an offer in good faith in this case. In fact, said adjuster made an offer of such insignificant value regarding the expense and damages of the Plaintiff as to constitute an offer made in bad faith.

Plaintiff contends that said actions by Defendant constitutes bad faith conduct for Defendant's failure to fairly and properly investigate and pay the lawful claims of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant for such sums as this court may award for compensatory and punitive damages for Defendant's bad faith conduct.

Dated this 11th day of December, 2007.

**PRIM, FREEMAN & MENDHEIM**

/s/ R. Cliff Mendheim

R. Cliff Mendheim (MEN008)
Attorney for Plaintiff
P.O. Box 2147
Dothan, AL 36302
Email:       rcliffmendheim@graceba.net
Telephone:   334-671-9555
Fax:         334-671-9615

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

**Via Certified Mail:**
State Farm Mutual Insurance Company
c/o Tom Lakin
100 State Farm Parkway
Birmingham, AL 35209-7186

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| R. BRIAN JONES,              )  | |
|                              )  | |
|   Plaintiff,                 )  | |
|                              )  | |
| v.                           )  | CASE NO. CV-2007-900178-A |
|                              )  | |
| STATE FARM MUTUAL            )  | |
| AUTOMOBILE INSURANCE         )  | |
| COMPANY,                     )  | |
|                              )  | |
|   Defendant.                 )  | |

### NOTICE TO STATE COURT OF REMOVAL OF ACTION

TO:   Carla Woodall, Circuit Clerk
      Houston County Circuit Court
      P. O. Drawer 6406
      Dothan, AL 36302-6406

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company has this date filed a Notice of Removal, a copy of which is attached hereto as Exhibit "A", in the Office of the Clerk of the United States District Court for the Middle District of Alabama, Southern Division.

DONE this the 11th day of January, 2008.

_____
MICHEAL S. JACKSON [JAC015]
Attorney for Defendant State Farm Mutual
Automobile Insurance Company

BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax


EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE TO STATE COURT OF REMOVAL OF ACTION has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

R. Cliff Mendheim, Esq.
PRIM, FREEMAN & MENDHEIM
P. O. Box 2147
Dothan, AL 36302

on this the 11th day of January, 2008.

_____
OF COUNSEL

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003314
Cashier ID: brobinso
Transaction Date: 01/14/2008
Payer Name: BEERS ANDERSON
----------------------------------------
CIVIL FILING FEE
 For: BEERS ANDERSON
 Case/Party: D-ALM-1-08-CV-000029-001
 Amount:         $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 29578
 Amt Tendered: $350.00
----------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

R BRIAN JONES V. STATE FARM MUTUAL
AUTO INS CO
```