IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| R. BRIAN JONES, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 1:08cv29-WC |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |

## ANSWER OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Now comes Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and responds to the Plaintiff's Complaint as follows:

1. State Farm admits that R. Brian Jones (hereinafter "Jones") is a resident of Houston County Alabama.

2. State Farm admits that it is a resident of the State of Ilinois.

3. State Farm admits that Jones was involved in an automobile accident on or about August 5, 2006.

4. State Farm admits that Jones was injured in the accident and was entitled to recover damages from the at-fault party.

5. State Farm admits that the alleged tortfeasor had a liability insurance policy with limits of liability in the amount of $25,000.

6. State Farm admits that Jones notified State Farm that he was seeking underinsured motorist benefits from State Farm.

7. State Farm admits that Jones has available to him $60,000 in underinsured motorist benefits but denies that Jones is entitled to the limits of the underinsured motorist benefits.

8. State Farm admits that Jones requested consent from State Farm for Jones to enter into a settlement with and a release of the tortfeasor and that State Farm consented to the settlement and release of the tortfeasor, therby waiving its rights to subrogation against the tortfeasor.

9. State Farm denies that it failed to investigate Jones's claim for underinsured motorist benefits and denies that it failed to properly evaluate Jones's claim for underinsured motorist benefits. State Farm submits that it investigated Jones's claim and submitted his claim to cognitive review.

10. State Farm admits that it offered Jones $7,500 in underinsured motorist benefits and that Jones rejected the offer and demanded that State Farm pay limits of $60,000 to Jones.

11. State Farm denies that it has breached its contract of insurance with Jones.

12. State Farm denies that it is guilty of "bad faith" in the handling or adjustment of Jones's claim.

13. State Farm submits that there is a legitimate, arguable, debatable dispute over the amount of underinsured benefits to which Jones is entitled and that it is not "bad faith" to dispute that Jones is entitled to less than the limits of $60,000.

14. State Farm submits that Jones has the burden to prove that he is entitled to $60,000 in underinsured motorist benefits.

For further answer to Plaintiff's Complaint, State Farm states as follows:

### First Defense

Defendant State Farm affirmatively denies that it or any of its agents, servants or employees is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

### Second Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### Third Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to

Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### **Fourth Defense**

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### **Fifth Defense**

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### Sixth Defense

Plaintiff's claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

### Seventh Defense

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Eighth Defense

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 ALA. CODE (1975), and is barred.

### Ninth Defense

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. ___, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

    (a)    It is a violation of the Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject the Defendant to punitive damages without providing the Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish the Defendant with the intent of changing its lawful conduct in other states; and

(d) It is a violation of the Defendant's rights to due process to impose punitive damages which are grossly excessive.

### Tenth Defense

Defendant State Farm avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to CODE OF ALABAMA § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

**DONE** this the 11th day of January, 2008.

_____
MICHEAL S. JACKSON [JACKM8173]
Attorney for Defendant State Farm Mutual Automobile Insurance Company

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
   PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing ANSWER has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

| | |
|---|---|
| R. Cliff Mendheim, Esq. | Honorable Troy King |
| PRIM, FREEMAN & MENDHEIM | Attorney General, State of Alabama |
| P. O. Box 2147 | 11 South Union Street |
| Dothan, AL 36302 | Montgomery, AL 36130 |

on this the 11th day of January, 2008.

_____
OF COUNSEL