**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| R. BRIAN JONES, | ) |
| | ) |
|   PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO. 1:08-cv-00029-WC |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|   DEFENDANT. | ) |

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

NOW COMES Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") in response to Plaintiff's Motion to Remand and states as follows:

1. If the Plaintiff will file with the Court an additional stipulation which specifically binds the Plaintiff to accept no more in damages than the requisite jurisdictional amount in controversy ($75,000), State Farm consents that the case should be remanded to state court. However, Plaintiff has not so bound himself to accept no more in damages and the Court should deny Plaintiff's Motion to Remand until Plaintiff files such a stipulation.

2. In the Motion to Remand filed by the Plaintiff, Plaintiff states that he "hereby stipulates to this Court and Defendant that he is not seeking damages in excess of $75,000." That stipulation does not keep the Plaintiff from seeking more than $75,000 *in the future* and does not specifically bind the Plaintiff to ever accept no more damages than $75,000. *See, e.g., Moss v. Voyager Insurance Companies*, 43 F.Supp.2d 1298, 1302 (M.D. Ala. 1999), wherein Judge DeMent discusses cases in which plaintiffs filed stipulations which were not deemed to specifically bind the plaintiffs such that the Court did not consider the stipulations on the remand issue. The Plaintiff's stipulation in this case states that Plaintiff is not seeking greater than the amount in controversy but does not state or bind the Plaintiff that the Plaintiff will not accept a verdict greater than the amount in controversy. In *Moss, supra*, the plaintiff stipulated "[t]hat under no circumstances shall plaintiff seek nor accept more than $75,000 even if the jury verdict exceeds that amount." *Id*. at 1303. Judge DeMent found that the stipulation specifically bound the plaintiff to neither seek nor accept a verdict in excess of $75,000. *Id*. Therefore, Judge DeMent considered the "stipulation" when determining jurisdiction. That binding stipulation meant that the federal court did not have subject matter jurisdiction over the case and the case was remanded.

3. Here, the Plaintiff's stipulation is "that he is not seeking damages in excess of $75,000." That speaks to the present but not the future. Plaintiff's Complaint does not make a specific claim for an amount of damages. Instead, Plaintiff's Complaint seeks "all compensatory damages, including all medical bills, past and future, lost wages, pharmaceutical bills, pain and suffering, and mental anguish to which he would be entitled, as well as any other such reasonable sums as this Court may award the Plaintiff" in Count I and "demands judgment against Defendant for such sums as this Court may award for compensatory and punitive damages for Defendant's bad faith conduct" in Count II. Thus, Plaintiff's Complaint in this case is similar to the complaint filed in *Moss, supra*, where plaintiff's complaint set forth an unspecified demand for damages, both compensatory and punitive. *Id*. at 1301. "Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdiction requirement." *Id., citing Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356-57 (11th Cir., 1996). In cases where plaintiff has made such an unspecified damages demand, "a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Id.*

4.   Plaintiff's Motion to Remand contains no affidavit contesting the jurisdictional amount.  Therefore, State Farm contends that it has met its burden by a preponderance of the evidence to show that the amount in controversy more than likely exceeds the $75,000 jurisdictional requirement.  Unless and until the Plaintiff files a stipulation binding himself to neither seek nor accept a verdict in excess of the $75,000 jurisdictional requirement and the Court accepts that stipulation as binding on the Plaintiff, Defendant submits that the Plaintiff's Motion to Remand should be denied.

**RESPECTFULLY SUBMITTED** this the 7th day of April, 2008.

 s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendant State Farm Mutual Automobile Insurance Company

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
   PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

     I hereby certify that on April 7, 2008, I electronically filed STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

R. Cliff Mendheim, Esq.
PRIM, FREEMAN & MENDHEIM
P. O. Box 2147
Dothan, AL 36302

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

                                            s/ Micheal S. Jackson
                                            **OF COUNSEL**