IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| R. BRIAN JONES, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-29-WC |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE CO., | ) | |
| | ) | |
|    Defendant. | ) | |

**ORDER ON MOTION**

Pending before the Court is Plaintiff's Motion to Remand to State Court (Doc. #1). In his motion, Plaintiff stipulates he is not seeking damages in excess of $75,000, and therefore the case should be remanded back to state court.[1] On 7 April 2008, Defendant filed a Response (Doc. #11) to Plaintiff's Motion to Remand. In its Response, Defendant stated:

> the stipulation does not keep the Plaintiff from seeking more than $75,000 *in the future* and does not specifically bind the Plaintiff to ever accept no more damages than $75,000 . . . The Plaintiff's stipulation in this case states that Plaintiff is not seeking greater than the amount in controversy but does not state or bind the Plaintiff that the Plaintiff will not accept a verdict greater than the amount in controversy.

(Doc. #11 at 2). Defendant also stated "[i]f the Plaintiff will file with the Court an additional stipulation which specifically binds the Plaintiff to accept no more in damages than the requisite jurisdictional amount in controversy ($75,000), State Farm consents that the case should be remanded to state court. *Id*. at 1.

---

[1] This Court may assume jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), only if the parties are residents of different states and the amount in controversy exceeds $75,000.

On 16 April 2008, Plaintiff filed a Reply. (Doc. #16). Therein, Plaintiff "stipulates that the amount in controversy in the present action does not and shall not exceed $75,000.00 including compensatory and punitive damages and under no circumstances shall he seek nor accept more than $75,000.00 even if a jury verdict exceeds said amount." *Id*. Further, Plaintiff swore to the same, by way of affidavit attached to the Reply.

"Accordingly, because Plaintiff is the master of [his] own claims and has stipulated that [he] will neither seek nor accept damages in excess of $75,000, the [C]ourt finds that Plaintiff's Motion to Remand is due to be granted." *Moss v. Voyager Ins. Co.*, 43 F. Supp. 2d 1298, 1304 (M.D. Ala. 1999).[2] Therefore, it is

ORDERED that Plaintiff's Motion to Remand to State Court (Doc. #1) is GRANTED. The Clerk of the Court is DIRECTED to take the actions necessary to REMAND this case to the Circuit Court of Houston County, Alabama.

Done this 17th day of April, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] "In so finding, the [C]ourt emphasizes that, while it does not call into question the integrity or statements made herein by counsel or the binding stipulation made by Plaintiff, should Plaintiff disregard [his] stipulation and pursue or accept damages in excess of $75,000, then upon application to the [C]ourt by opposing counsel, an investigation into the representations of Plaintiff's counsel to this [C]ourt will be swift in coming. Further, the [C]ourt forewarns Plaintiff that sanctions, should they be deemed appropriate, will be painful upon arrival." *Moss*, 43 F. Supp. 2d at 1304.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.  Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

  (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

  (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

  (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

  (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

  (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).